```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF VIRGINIA
                          Norfolk Division
```

**DENISE WHITAKER,**

    **Plaintiff,**

  **v.**                                   **CIVIL ACTION NO. 2:06cv582**

**ROBIE EVANS, III,**
**et al.,**

    **Defendants.**
_____

**ANTHONY ELEY,**

    **Plaintiff,**

  **v.**                                   **CIVIL ACTION NO. 2:06cv583**

**ROBIE EVANS, III,**
**et al.,**

    **Defendants.**
_____

**MARQUITA L. JOHNSON,**

    **Plaintiff,**

  **v.**                                   **CIVIL ACTION NO. 2:06cv584**

**ROBIE EVANS, III,**
**et al.,**

    **Defendants.**

### MEMORANDUM DISMISSAL ORDER

This action arises out of the repossession of an automobile in Isle of Wight County, Virginia, on October 17, 2005.  On this day,

repossession agents Robie Evans, III ("Evans"), and Robie Eugene Bryan ("Bryan"), employees of Bad Boys Towing and Recovery ("Bad Boys Towing"), were responsible for repossessing Marquita Johnson's ("Johnson") 1988 Honda Sedan on behalf of Med Transit, Inc. ("Med Transit"), a car dealership, and Albert Whitley ("Whitley"), its president.  At this time, the automobile was being driven in Isle of Wight County by Anthony Eley ("Eley"), with Johnson and Denise Whitaker ("Whitaker") as passengers.  As part of their plan to repossess the automobile, Evans and Bryan filed a false police report with the Isle of Wight County Sheriff's Department, alleging that Eley had brandished a firearm when confronted with repossession.

Based on this report, deputy sheriffs G.P. Jernigan ("Jernigan") and J.W. Garrett ("Garrett") stopped Johnson's automobile and ordered the occupants, Eley, Johnson, and Whitaker, out of the vehicle at gun point.  Thereafter, the deputies searched Eley, Johnson, and Whitaker, as well as the automobile, but found no firearm.  When the deputies spoke with Evans and Bryan, they apparently admitted that they had filed a false police report to facilitate the repossession of Johnson's automobile.  Nonetheless, even upon learning of the false report, the deputies continued to detain Eley, Johnson, and Whitaker.  During this period of detention, the deputies spoke to Johnson about relinquishing the automobile to the repossession agents.  As a result of this

conversation, Johnson allowed Evans and Bryan to repossess the automobile.

On October 17, 2006, Eley, Johnson, and Whitaker (collectively, "the plaintiffs") filed motions to proceed in forma pauperis and submitted identical complaints. After careful review, the court granted the motions to proceed in forma pauperis and ordered that the complaints be filed.[1] The plaintiffs filed their complaints against all those involved with the repossession of the automobile, including Evans, Bryan, Bad Boys Towing, Med Transit, Whitley, Jernigan, Garrett, and Isle of Wight County Sheriff's Department. In addition, the complaints also sought relief from Charles Phelps, Sheriff of Isle of Wight County, and Douglas Caskey ("Caskey"), County Administrator of Isle of Wight County. The jurisdictional statements in the complaints stated that this court had subject matter jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), pursuant to 15 U.S.C. § 1692k(d),[2] the Fourth Amendment, and supplemental jurisdiction, pursuant to 28

---

[1] The plaintiffs' motions to proceed in forma pauperis cover the filing and service fees only, as the plaintiffs are represented by counsel, F. Winslow Young.

[2] Section 1692k(d) specifically provides that "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d).

U.S.C. § 1367.[3]  However, the complaints only set forth the following six state tort law claims: (1) assault and battery; (2) intentional infliction of emotional distress; (3) false imprisonment; (4) defamation, libel, and slander; (5) negligent training and supervision; and (6) extortion.[4]

On December 12, 2006, defendant Caskey filed motions to dismiss for failure to state a claim upon which relief can be granted in each action.  None of the plaintiffs responded.  On January 9, 2007, defendants Jernigan, Garrett, Phelps, and Isle of Wight County Sheriff's Department filed motions to dismiss for lack of subject matter jurisdiction, and alternatively, for failure to

---

[3] Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

[4] Notably, federal and Virginia courts have held that Virginia does not recognize negligent supervision as a valid cause of action. See Johnson v. Enter. Leasing Co., No. 98-2573, 1999 WL 496879, at *1 (4th Cir. July 13, 1999) (per curiam) (unpublished table decision) (citing Chesapeake & Potomac Tel. Co. v. Dowdy, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988)); Thompson v. Town of Front Royal, 117 F. Supp. 2d 522, 531 (W.D. Va. 2000).  Moreover, Virginia courts have also held that a civil cause of action for extortion does not exist in Virginia.  See Doe v. Harris, No. CL5544, 2001 WL 34773877, at *6 (Va. Cir. Ct. Apr. 11, 2001); Johnson v. Freedman, No. 110411, 1992 WL 884626, at *1 (Va. Cir. Ct. Apr. 8, 1992) (citing Bass v. Morgan, Lewis, & Bockius, 516 So. 2d 1011, 1011-12 (Fla. Dist. Ct. App. 1987); Leventhal v. Docker, 361 Mass. 894, 894, 282 N.E.2d 680, 681 (1972)).

state a claim upon which relief can be granted.[5] The plaintiffs responded on January 22, 2007. Defendants Med Transit and Whitley then filed substantially similar motions to dismiss on January 24, 2007.[6] Although all of the motions to dismiss are not yet ripe, after reviewing the complaints, this court considers sua sponte whether it has subject matter jurisdiction over these actions.

## Subject Matter Jurisdiction

"'Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto.'" Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004) (en banc) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). The parties to an action cannot confer, nor waive subject matter jurisdiction. Id. (citing United States v. Cotton, 535 U.S. 625, 630 (2002)). Therefore, this court may raise issues of subject matter jurisdiction sua sponte if it appears at any time during the proceedings that the court's exercise of jurisdiction would be improper. Id. (citing Bender, 475 U.S. at 541); see Lovern v.

---

[5] For some reason, these defendants only filed a motion to dismiss for failure to state a claim upon which relief can be granted in Eley's action.

[6] The motions, as to Med Transit, were filed subject to defect for failure to timely file a Financial Interest Disclosure Statement, pursuant to Local Civil Rule 7.1 of the Rules of the United States District Court for the Eastern District of Virginia.

Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Ashby v. Isle of Wight County Sch. Bd., 354 F. Supp. 2d 616, 631 (E.D. Va. 2004). As such, Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." FED. R. CIV. P. 12(h)(3).

In this case, the plaintiffs pleaded in their jurisdictional statements that this court has federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, the presence of federal question jurisdiction is determined by the well-pleaded complaint rule. See Gully v. First Nat'l Bank, 299 U.S. 109, 112-13 (1936). Plainly stated, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, federal courts have jurisdiction to consider "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Most importantly, as to these instant actions, the "mere allegation that

6

a federal statute has been violated is not sufficient [to establish subject matter jurisdiction]." Ashby, 354 F. Supp. 2d at 631 (citing Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 154 (4th Cir. 1994)); Scott v. Wells Fargo Home Mortgage Inc., 326 F. Supp. 2d 709, 719 (E.D. Va. 2003).

Applying the well-pleaded complaint rule to the present case, the court finds that the plaintiffs' complaints do not assert any federal question capable of creating federal-question jurisdiction. The plaintiffs' only references to federal law occur in their jurisdictional statements, where they state, without more, that this court has subject matter jurisdiction under the FDCPA and the Fourth Amendment. The plaintiffs' lone jurisdictional references to the FDCPA and the Fourth Amendment are not allegations upon which claims can be based. See, e.g., Jolly v. Acad. Collection Serv., Inc., 400 F. Supp. 2d 851, 857 (M.D.N.C. 2005). The plaintiffs then never allege any federal statutory or constitutional violations in the body of their complaints. Instead, the plaintiffs set forth detailed state tort law claims and specifically label them as such. No federal claim has been alleged to establish federal question jurisdiction. Therefore, this court lacks subject matter jurisdiction over the plaintiffs' state tort law claims, as there are no federal claims to form a basis for supplemental jurisdiction under 28 U.S.C. § 1367(a). Because it is apparent from the face of the complaint that no subject matter jurisdiction exists, this court finds that it lacks

7

such jurisdiction.  As a result, the state tort law claims, which are recognized in Virginia,[7] should be raised by the plaintiffs in the courts of the Commonwealth of Virginia, should the plaintiffs so choose.

Accordingly, these actions are **DISMISSED** without prejudice to file them in state court.  The Clerk is **DIRECTED** to send a copy of this Memorandum Dismissal Order to counsel for all parties.

**IT IS SO ORDERED.**

                                                /s/
                                  Rebecca Beach Smith

Norfolk, Virginia

January 30, 2007

---

[7] See supra note 4 and accompanying text.